**SAUCHIK & GIYAUR**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS AT LAW

17 STATE STREET, SUITE 3230
NEW YORK, NEW YORK 10004

TELEPHONE: 212-668-0200
FACSIMILE: 212-668-0222
WWW.MDRXLAW.COM

March 22, 2023

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Caleb Anderson,* et al. *v. Orbit Furniture,* et al.
             Case No. 22-cv-06919 (KAM)(RER)

Dear Judge Matsumoto,

We represent the defendants, Orbit Furniture Inc., Orbit Furniture NY LLC, Orbit Furniture Brooklyn Way, Inc., and Vladimir Bar (collectively, the "Defendants") in the above-referenced action.

In accordance with Your Honor's Individual Practices and Rules, the Defendants respectfully request a pre-motion conference in anticipation of filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6). We respectfully request that the time to respond to the complaint be stayed until the Court issues a decision regarding the instant motion.

This matter was commenced on November 14, 2022, by filing a Complaint ("Compl.") against the Defendants. [ECF No. 1]. The plaintiff, Caleb Anderson (the "Plaintiff"), who is alleged to have worked for the Defendants for two months (from June 8, 2019 to August 8, 2019), seeks to certify this case as a collective action under 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). The Plaintiff alleges violations of the FLSA and New York State labor laws and regulations. *See* Compl. ¶ 1.

    **I.**    **The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

          a.  *The FLSA Cause of Action is Time-Barred and Must Be Dismissed*

A complaint should be dismissed on a Fed. R. Civ. P. 12(b)(6) motion where, as here, "the dates in a complaint show that an action is barred by a statute of limitations ...." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see also In re Ciprofloxacin Hydrochloride*

*Antitrust Litig.*, 261 F. Supp. 2d 188, 218 (E.D.N.Y. 2003) (citing *Sapienza v. Osleeb*, 550 F. Supp. 1304, 1307 (E.D.N.Y. 1982)).

Under 29 U.S.C. § 255, a two-year statute of limitations applies to FLSA claims unless the cause of action arises out of a "willful" violation, in which case a three-year statute of limitations applies. *Brock v. Superior Care Inc.*, 840 F.2d 1054, 1061 (2d Cir. 1988). A cause of action under the FLSA accrues on the regular payday immediately following the work period for which services were rendered and not properly compensated. *See Doo Nam Yang v. A CBL Corp.*, 2005 WL 3312000 (S.D.N.Y.,2005); *Acosta v. Yale Club of New York City*, 1995 WL 600873, at *3 (S.D.N.Y. Oct. 12, 1995). Here, even if Plaintiff is able to prove that the alleged violation was willful, the claim under FLSA would still be time-barred as the cause of action accrued at the latest on or about August 8, 2019.

      b.   *The Court Should Decline to Exercise Supplemental Jurisdiction*

If the Court dismisses the FLSA claim, it should also decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The Second Circuit has provided guidance to the district courts that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.2003), *quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n, 7 (1988)).

Here, if the claim under FLSA is dismissed, Plaintiffs will not be able to demonstrate the presence of any of the factors militating in favor of this Court's exercising supplemental jurisdiction over the remaining state law claims.

For the foregoing reasons, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**II.**    <u>**The Court Lacks Personal Jurisdiction over the Defendants**</u>

Fed. R. Civ. P. Rule 12(b)(5) provides that the Court may dismiss a claim for insufficiency of service of process. Under Fed. R. Civ. P. Rule 4(m), a plaintiff has 90 days to serve the complaint on a defendant.

Here, service of process on Orbit Furniture NY LLC and Orbit Furniture Brooklyn Way, Inc., was never accomplished by the Plaintiff and, if attempted, would be untimely. As such, the Court must dismiss the Complaint as to Orbit Furniture NY LLC and Orbit Furniture Brooklyn Way, Inc.

Moreover, the remaining corporate defendant, Orbit Furniture Inc., intends to prove by indisputable documentary evidence that it was not occupying the premises located at 1171

**SAUCHIK & GIYAUR, P.C.**

Hon. Kiyo A. Matsumoto
March 22, 2023
Page 3 of 3

Flatbush Ave., Brooklyn, NY 11226, never operated the store located at the Premises, and never paid salaries to any employees located at the Premises. Dismissal of the Complaint against the corporate defendants would necessitate dismissal against the individual defendant who is not alleged to be a direct employee but is sued in his capacity as a controlling individual.

Accordingly, the Court is deprived of jurisdiction over the defendants, and the Complaint should be dismissed.

For the foregoing reasons, we respectfully request that the Court orders a pre-motion conference and sets a briefing schedule on the Defendants' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and (6).

We thank Your Honor for consideration.

Respectfully submitted,

SAUCHIK & GIYAUR, P.C.

/s/ Alec Sauchik
Alec Sauchik (AS-5002)

cc: All Counsel of Record (via ECF)